DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*[1]
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant, | CASE NO. 2:24-CR-00702-HDV<br><br>**DEFENDANT'S OPPOSITION TO NOTICE OF RELATED CASES AND OPPOSITION TO REASSIGNMENT**<br><br>**Honorable Hernan D. Vera** |

Comes Now, Defendant Alexander Smirnov, by and through his counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and hereby submits his Opposition to the government's "Notice of Related Cases", by which the

---

[1] Counsel Chesnoff is admitted pro hac vice in case number 2:24-cr-00091-ODW. Counsel Chesnoff will apply to appear pro hac vice in this case as well.

1

government seeks to transfer this case—which was randomly assigned to the above-listed United States District Judge pursuant to this district's standard assignment process—to the Honorable Otis D. Wright, II, who is currently presiding over a wholly unrelated criminal matter in *United States v. Smirnov*, Case No. 2:24-CR-00091-ODW ("Judge Wright's case").

This Opposition is made and based upon the papers and pleadings on file in this case and in Judge Wright's case, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 26th day of November, 2024.

                                            Respectfully Submitted:

                                            CHESNOFF & SCHONFELD

                                            /s/ Richard A. Schonfeld
                                            DAVID Z. CHESNOFF, ESQ.
                                            *Pro Hac Vice*
                                            RICHARD A. SCHONFELD, ESQ.
                                            California Bar No. 202182
                                            520 South Fourth Street
                                            Las Vegas, Nevada 89101
                                            Telephone: (702)384-5563
                                            dzchesnoff@cslawoffice.net
                                            rschonfeld@cslawoffice.net
                                            Attorneys for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. <u>Background</u>

Nearly one year ago, on February 14, 2024, the Grand Jury returned a two-count indictment in Judge Wright's case, charging Mr. Smirnov with: 1) Making False Statements, in violation of 18 U.S.C. § 1001; and 2) Falsification in a Federal Investigation, in violation of 18 U.S.C. § 1519. The two counts in that case—which was randomly assigned to Judge Wright—stemmed from actions and statement that Mr. Smirnov allegedly made on June 26, 2020, during his service as a confidential human source ("CHS") for the FBI.

The parties have been vigorously litigating that case for the past several months and the jury trial before Judge Wright is scheduled to begin on January 8, 2025. The trial was scheduled to commence on December 3, 2024, up until the pretrial conference that took place on November 25, 2024, wherein the trial was continued.

On November 22, 2024, an Indictment in this case was returned, which 1) charges Mr. Smirnov with various federal tax violations, and 2) was evidently assigned to this Honorable Court pursuant to the United States District Court for the

Central District of California's Random, Case Assignment System. *See* General Order 19-03 (Feb. 28, 2019) at § I.A.1.[2]

At the pretrial hearing before Judge Wright on the morning of November 25, 2024, Special Counsel Leo D. Wise: 1) acknowledged that this tax indictment had been filed and assigned to Judge Vera, and 2) indicated that the government had filed a Notice of Related Cases with this Court, seeking to transfer this Court's case to Judge's Wright's docket for disposition. Critically, however, Special Counsel represented that apart from the fact that the same defendant (Mr. Smirnov) was named in each indictment, there was no other basis asserted in the Notice of Related Cases for the transfer.[3][4]

**B.  <u>Discussion</u>**

The case law holds that "the burden on the party claiming [the] relation [between the two cases] is *heavy*, as random assignment of cases is essential to the

---

[2] The General Order states: "Except as otherwise provided in this General Order, a case with a criminal case number (i.e., d:yy-CR-xxxxx)1 will be randomly assigned from a division-specific General Criminal Assignment Deck." Gen. Order. at § I.A.1.a.

[3] The Docket was not available in this case when searched on November 25, 2024; however it is now available. The form utilized by the government with the box stating that "the cases involve one or more defendants in common" also includes a representation that the cases would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges. The form filed by the government does not explain the basis for that representation nor was any made at the November 25, 2024, pretrial hearing before Judge Wright.

[4] Judge Wright indicated, over Defendant's objection, that he would be taking this case in spite of the fact that the issue had not been briefed and it is this Court that is vested with the decision making authority.

4

public's confidence in an impartial judiciary." *Dakota Rural Action v. U.S. Dep't of Agric.*, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019) (emphasis added) (quoted in *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019). Moreover, it is this Court—that is, the Court which received the latter, randomly assigned case—who "resolves any objection to a related-case designation." *Trump*, 391 F. Supp. at 95.

"'If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.' Fed. R. Civ. P. 42(a). 'District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.'" *Denise S. v. Foreman*, No. 2:22-CV-09237-MEMF-PD, 2024 WL 2002217, at *1 (C.D. Cal. Apr. 26, 2024) (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018)). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (quoted in *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015)).

Under the applicable Local Rules of this Court, the government falls short of satisfying its "heavy" burden in the present case.

> It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever a criminal case previously filed and one

5

or more informations or indictments later filed: (a) arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or (b) involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

The Notice must be filed and served in each later-filed case, must identify the previously filed case(s), and must set forth the reasons why counsel believes the cases are related. Whenever practicable, the United States Attorney shall file the Notice with the indictment or information and serve it on defense counsel promptly after defense counsel's identity has been ascertained[5].

Loc. Cr. R. 7-4; *see also Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (factors to determine whether consolidation is appropriate include balancing "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.") (internal quotation marks omitted)).[6]

The factors set forth in Local Rule 7-4 militate squarely in favor of this Court retaining the instant tax case. Under subsection (a), the false statements alleged in Judge Wright's case and the tax charges alleged in the present case have *nothing* to

---

[5] Defense counsel had requested the Notice of Related cases from the government on November 25, 2024, but counsel for the government has declined to produce it. The Notice of Related cases is now available on the Court's docket.

[6] *Knox*—which was written by Judge Wright—approved consolidation on a markedly different set of circumstances. There, unlike the situation presented in Mr. Smirnov's instance, the "Mangla [case] arises out of the *exact same allegations of fraudulent conduct* against Yingli, and encompasses an identical class period . . . . Thus, the actions clearly involve common questions of law and fact. Consolidation would not cause delay or prejudice given that Mangla was filed only a few weeks after this action was filed. It would also avoid potentially inconsistent rulings. Consolidation is therefore appropriate." *Knox*, 136 F. Supp. 3d at 1162 (emphasis added) (noting that "[c]onsolidation . . . private securities fraud class actions arising from the same alleged misconduct" is "generally appropriate").

6

do with each other: stated conversely, the factual allegations of alleged tax fraud charged by the instant indictment do *not* "arise out of the same conspiracy, common scheme, transaction, series of transactions or events" (Loc. Cr. R. 7-4(a)) that were charged in Judge Wright's case. *See Knox*, 136 F. Supp. 3d at 1162.

Moreover, none of the complex production-and-disclosure issues that are present in Judge Wright's "Classified Information Procedures Act ("CIPA") case (issues that arise out of the confidential nature of Mr. Smirnov's work as an FBI CHS) appear to be present in this tax case, which sets forth a straightforward series of counts that do not appear to have anything to do with classified operations and communications. Indeed, in stating to Judge Wright that the basis for transferring the case was that the Defendant in each case was the same, the government did not make representation to the Court as to any similarity in terms of criminal charges, subject matter, discovery, or evidentiary issues requiring judicial disposition[7].

Nor can the government satisfy subsection (b) of the Local Rule. Apart from the two cases sharing Mr. Smirnov as a common defendant, neither the "pretrial, trial or sentencing proceedings" in the two cases would "entail substantial duplication . . . if heard by different judges." After all, up until November 25, 2024, Judge Wright's case was on the verge of trial (set for December 3, 2024). In fact, Judge Wright has already taken the four Defendant's Motions in Limine and the five

---

[7] It should be noted that the government made a decision not so supersede the indictment in Judge Wright's case, which is an indication that the cases are not "related".

government Motions in Limine under advisement for decision (Dkt 189). Judge Wright, through no fault of his own, has no special insight into resolving the legal issues or factual foundations underlying the tax case: to the contrary, it appears that Judge Wright first learned about this case at the pretrial conference in his case on November 25, 2024, when Defense counsel brought it to the Court's attention. It is thus difficult to see how "substantial" work performed in Judge Wright's case would be "duplicated" by this Court retaining control over and processing the wholly distinct tax case that is at the earliest possible stage of litigation (vs. a case that is on the verge of trial).

Thus, because the two randomly assigned cases are patently *un*related, the government cannot carry its "heavy" burden under the Local Rules and the precedent, and this Court should retain control over the tax case which was randomly and fairly assigned to it. See *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) ("Deviating from that foundational principle [of assigning the second case to the second, randomly assigned judge] is appropriate *only* if the relationship between the two cases is *certain*.") (emphasis added) (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1).

## C. Conclusion

For the foregoing reasons, Mr. Smirnov requests that this Court deny the government's request to transfer this case to Judge Wright.

DATED this 26th day of November, 2024.

            Respectfully Submitted:

            CHESNOFF & SCHONFELD

            /s/ Richard A. Schonfeld
            DAVID Z. CHESNOFF, ESQ.
            *Pro Hac Vice*
            RICHARD A. SCHONFELD, ESQ.
            California Bar No. 202182
            520 South Fourth Street
            Las Vegas, Nevada 89101
            Telephone: (702)384-5563
            rschonfeld@cslawoffice.net
            dzchesnoff@cslawoffice.net
            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld